It is worthy of note that in *Matter of Scalesse* v. *Printing Adv. Corp.* (30 N Y 2d 234), the Court of Appeals described the determination with regard to a closing as one of fact " for purposes of section 25-a ", and noted that a referee's statement that a case is closed " does not necessarily render it so within the meaning of section 25-a " (p. 237). In my view, the Court of Appeals at least suggested without deciding that " closing " could have a different meaning in the context of another statute. I am of the opinion that section 15 (subd. 8, par. [f]) does deal with " closing " in such a different context. The statute purports to impose a time limit on the filing of claims for reimbursement. The basic time limit is " one hundred four weeks after the date of disability or death "; however, in recognition that a case might be " closed " a relatively short time after the date of disability or death, and that the carrier may rely on such action of the board and assume to its detriment that no claim for reimbursement would thereafter be necessitated, the Legislature has provided for the extension of the time for filing claims to the date of a finding of permanency where necessitated by the fact that a closed case has been reopened. Thus, if a case is closed before but reopened after the one hundred fourth week, the board should not be permitted to cut off the right to file claims for reimbursement by determining that the closing was not a " true " one. On the other hand, carriers should not be permitted to extend the 104-week period in cases where this period had not expired prior to the reopening. Thus, I would interpret paragraph (f) of subdivision 8 as granting an extension of time to file claims in every case where there was a closing of any kind before the expiration of the 104-week period where the reopening occurs after the expiration of such period. In cases where the reopening occurs, however, before the 104-week period has passed, there is no necessity to extend the time for filing.* Thus, in the case at bar, when the most recent reopening of the case occurred in August, 1968, the carrier still had in excess of four months to file a claim before the passage of 104 weeks. Since the closings and reopenings thus could not have worked to carrier's prejudice, the refusal to extend the time for filing to the date of the finding of permanency was not improper.

FOURTH DEPARTMENT, FEBRUARY, 1974

(February 14, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN IRVING, Also Known as JOHN YOPP, Appellant.— Judgment unanimously affirmed. (See *People* v. *Monsanto*, 41 A D 2d 761.) (Appeal from judgment of Erie County Court convicting defendant of attempted burglary in the third degree.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN IRVING, Also Known as JOHN YOPP, Appellant.— Judgment unanimously affirmed. (See *People* v. *Monsanto*, 41 A D 2d 761.) (Appeal from judgment of Erie County Court convicting defendant of possession of weapon, misdemeanor.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE BROUGHTON, Appellant, v. MICHAEL AMICO, as Sheriff of Erie County, et al., Respondents.—

* Of course, in those cases where 104 weeks passed before there was any closing, the time to file claims for reimbursement will already have passed, and should not be revived, since the carrier would not have let the period pass in reliance upon a belief that the case was closed.